IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Derick L. Singleton, #270513, | ) |
|                Petitioner, | ) C/A No. 0:08-1900-HFF-PJG |
| vs. | ) REPORT AND RECOMMENDATION |
| State of South Carolina and Warden of Perry Correctional Institution, | ) |
|                Respondents. | ) |

This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondents' motion for summary judgment (Docket Entry 22). The petitioner, Derick L. Singleton ("Singleton"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The respondents filed a motion for summary judgment. (Docket Entry 22.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (Docket Entry 28.) Notwithstanding the specific warning and instructions set forth in the court's Roseboro order, the petitioner failed to respond to the motion. As the petitioner is proceeding *pro se*, the court filed a second order on November 10, 2008, advising the petitioner that it appeared to the court that he was not opposing the motion and wished to abandon this action, and giving the petitioner an additional fifteen (15) days in which to file his response to the respondents' motion for summary judgment. (Docket Entry 32.) Following an extension, Singleton filed a response in opposition to the respondents' motion. (Docket Entry 39.) The motion is now before the court for a Report and Recommendation.

# BACKGROUND

Singleton was indicted in June 2000 in Georgetown County for murder, armed robbery, possession of a firearm during the commission of a violent crime, and criminal conspiracy (00-GS-22-500). (See App. at 725-729, Docket Entry 23-9 at 31-35.) Singleton was represented by Eric Fox, Esquire, and on October 30-November 1, 2000, was jointly tried with his co-defendant by a jury and found guilty as charged.[1] (App. at 445, Docket Entry 23-5 at 30). The circuit court sentenced Singleton to life imprisonment for murder, twenty-five years' imprisonment for armed robbery, and five years' imprisonment for criminal conspiracy, all sentences to be served concurrently.[2] (App. at 452, Docket Entry 23-5 at 37.)

Singleton timely filed a direct appeal. On appeal, Singleton was represented by Joseph L. Savitz, III, Esquire, Deputy Chief Attorney for the South Carolina Office of Appellate Defense. Singleton filed a *pro se* brief on October 25, 2001. (Docket Entry 25-2.) On January 7, 2002, Savitz filed an Anders[3] brief and a petition to be relieved as counsel. (Docket Entry 23-10.) In a *per curiam* opinion, the South Carolina Court of Appeals dismissed Singleton's appeal. (State v. Singleton, 2002-UP-469 (S.C. Ct. App. June 25, 2002), Docket Entry 23-11). Singleton filed a

---

[1] Shawn Wright was Singleton's co-defendant and was indicted and tried on similar charges stemming from the same November 19, 1999 incident. Wright was convicted of the same charges as Singleton and received the same sentences.

[2] The court did not impose a sentence for the charge of possession of a firearm during commission of a violent crime. See S.C. Code Ann. § 16-23-490(A) (stating the sentence for a firearm possession charge does not apply in cases where a life sentence is imposed for the violent crime).

[3] Anders v. California, 386 U.S. 738 (1967). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.

petition for rehearing (App. at 650-78, Docket Entry 23-8 at 10-39), which was subsequently denied by order dated August 28, 2002. The remittitur was issued on October 3, 2002. (Docket Entry 23-12.) Singleton did not appeal to the South Carolina Supreme Court.

On April 7, 2003, Singleton filed an application for post-conviction relief ("PCR"). (See Singleton v. State of South Carolina, 03-CP-22-0292, App. at 454-59, Docket Entry 23-5 at 39-44.) He amended his application on July 28, 2004. (App. at 460-465, Docket Entry 23-5 at 45-50.) The State filed a return on April 21, 2004. (App. at 466-70, Docket Entry 23-5 at 51-55.)

On September 20-22, 2004, the PCR court held an evidentiary hearing at which Singleton was represented by David J. Gundling, Esquire. (App. at 471-646, Docket Entry 23-5 at 56 through Docket Entry 23-8 at 6.) The PCR judge denied Singleton's PCR application by order filed January 28, 2005. (App. at 679-88, Docket Entry 23-8 at 40-49.) Singleton filed a Notice of Motion and Motion to Alter or Amend on February 11, 2005, requesting more definite findings of fact with regard to Singleton's PCR grounds. (App. at 689-692, Docket Entry 23-8 at 50-53.) In response, the PCR court entered an amended order on May 25, 2005. (App. at 693-706, Docket Entry 23-8 at 54 through Docket Entry 23-9 at 12.)

Singleton filed a Notice of Appeal[4] (App. at 723, Docket Entry 23-9 at 29) and was represented by Robert M. Pachak, Esquire, Assistant Appellate Defender of the South Carolina Office of Appellate Defense. On February 22, 2006, counsel filed a Petition for Writ of Certiorari (Docket Entry 23-13) to which the State responded. The South Carolina Supreme Court transferred

---

[4]It appears from the record that Singleton's appeal may have been dismissed for failure to serve a copy of the notice of appeal on the South Carolina Supreme Court. On October 11, 2005, Singleton's PCR counsel filed a motion with the Supreme Court to reinstate Singleton's appeal of the PCR court's amended order of dismissal. (See App. at 707-22, Docket Entry 23-9 at 13-28.) While not included in the record, it further appears, based on the later filings, that the Supreme Court granted this motion.

PJG

the PCR appeal to the South Carolina Court of Appeals by order dated August 22, 2006. (Docket Entry 23-15.) On August 31, 2007, the Court of Appeals denied the petition for a writ of certiorari (Docket Entry 23-16) and issued the remittitur on September 18, 2007 (Docket Entry 23-17). Singleton filed his petition for a writ of habeas corpus in this court on April 25, 2008. (Docket Entry 1.)

**DISCUSSION**

**A.     Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while

the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B. Habeas Corpus Standard of Review Generally**

In accordance with § 2254, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**C. Statute of Limitations**

The respondents argue that Singleton's Petition is untimely under the one-year statutory deadline set forth in 28 U.S.C. § 2244(d)(1)(A). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration

of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Singleton filed a direct appeal, his conviction became final on October 3, 2002, the date the South Carolina Court of Appeals entered the remittitur.[5] Accordingly, the limitations period began to run on October 4, 2002 and expired on October 3, 2003, unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

Singleton filed a state PCR application on April 7, 2003. At that point, 186 days of non-tolled time had accrued since the period of limitations began to run. The period of limitations was tolled during the pendency of the PCR action until September 18, 2007, when the South Carolina Court of Appeals issued the remittitur from its order denying Singleton's petition. At this time, Singleton had 179 days of statutory time remaining, which means that Singleton had until March 15, 2008 to file a timely federal habeas corpus petition.

Singleton's federal Petition was filed on April 25, 2008. Houston v. Lack, 487 U.S. 266, 270-71 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court). As of the filing date of the federal Petition, 220 days

---

[5]Because Singleton did not seek certiorari from the South Carolina Supreme Court, he is not entitled to an additional tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court. See Hammond v. Hagan, C/A No. 4:07-1081-JFA, 2008 WL 2922860, *3 (D.S.C. July 24, 2008); see also Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (holding that direct review concludes at the expiration of time for seeking certiorari from the United States Supreme Court); 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari . . . ."); U.S. Sup. Ct. R. 10(b) (stating that certiorari is considered where "state court of last resort" has decided an important federal question); U.S. Sup. Ct. R. 13 (stating that the time period for a petition for a writ of certiorari is 90 days from the decision or judgment of a state court of last resort).

of non-tolled time had run from the final denial of the state PCR action. Adding the 186 days that accrued between the date his conviction became final and the filing of the PCR application results in a total of 406 days of non-tolled time. Accordingly, Singleton filed his federal habeas corpus petition approximately 41 days after the expiration of the one-year limitations period under § 2244(d)(1)(A).

Relying upon Ludicore v. New York State Div. of Parole, 209 F.3d 107 (2d Cir. 2000), Singleton contends that his "actual innocence" allows him to overcome a defense of untimeliness. (Pl.'s Resp. in Opp. to Summ. J., Docket Entry 39 at 2.) However, neither the United States Supreme Court nor the United States Court of Appeals for the Fourth Circuit has held that a claim of actual innocence may excuse a petitioner's failure to file his habeas corpus petition within the one-year limitations period under § 2244. Further, Singleton's reliance on the Second Circuit's decision in Ludicore is misplaced. In Ludicore, the court determined that the petitioner failed to demonstrate actual innocence; therefore, it did not reach the question of whether the United States Constitution requires an "actual innocence" exception to § 2244(d)'s statute of limitations. Ludicore, 209 F.3d at 114.

Moreover, even if a showing of actual innocence were an exception to the statute of limitations, Singleton's claim is without merit. To demonstrate "actual innocence," a petitioner must present "new reliable evidence that was not presented at trial" and "show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 299, 327-28 (1995). "A reviewing court must evaluate the new evidence alongside any other admissible evidence of the defendant's guilt, and may grant relief only where 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Wilson v. Greene, 155 F.3d 396, 404-05 (4th Cir. 1998) (quoting Murray v. Carrier, 477 U.S. 478,

496 (1986)) (internal citation omitted). Singleton merely asserts that he "has always maintained his innocen[ce] and his issues point to his actual innocence." (Pl's Resp. in Opp. to Summ. J., Docket Entry 39 at 2.) Singleton attempts to argue that his counsel was ineffective and that prosecutorial misconduct occurred. (Docket Entry 39 at 4-6.) He also appears to reargue some of the evidence presented at trial. (Id.) The court has reviewed all of the evidence and concludes that Singleton has not presented sufficient new, reliable evidence necessary to satisfy the standard for a claim of actual innocence.

## RECOMMENDATION

Based upon the foregoing, the court finds that Singleton's Petition was not timely filed and is therefore barred by § 2244(d). Accordingly, the court recommends that the respondents' motion for summary judgment (Docket Entry 22) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 13, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).