```
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
```

| | |
|---|---|
| Derick L. Singleton, #270513, ) | |
| ) | C/A No. 0:08-1900-HFF-PJG |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| State of South Carolina and Warden of ) | |
| Perry Correctional Institution, ) | |
| ) | |
| Respondents. ) | |
| _____) | |

The petitioner, Derick L. Singleton ("Singleton"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is back before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondents' motion for summary judgment (Docket Entry 22). The court previously recommended that this motion be granted on the basis that this Petition was untimely filed. (Docket Entry 45.) The petitioner filed objections with the district judge stating, for the first time, that he could not timely file his Petition because the respondents seized his legal materials, which effectively prevented him from filing his federal habeas petition.[1] Based on this objection, the Honorable Henry F. Floyd, United States District Judge, remanded the matter to the assigned magistrate judge for consideration of the respondents' motion on the merits and, if necessary, a recommendation about the seizure

---

[1] In his response to the respondents' motion for summary judgment, the petitioner contended only that the statutory time to file his petition should be tolled because he is actually innocent. That argument was addressed and rejected in the court's initial Report and Recommendation. (Docket Entry 45.)

issue.[2] (Docket Entry 48.) Further, Singleton has filed a motion (Docket Entry 51) essentially requesting that the court hold an evidentiary hearing on his Petition.

## BACKGROUND

Singleton was indicted in June 2000 in Georgetown County for murder, armed robbery, possession of a firearm during the commission of a violent crime, and criminal conspiracy (00-GS-22-500). (See App. at 725-729, Docket Entry 23-9 at 31-35.) Singleton was represented by Eric Fox, Esquire, and on October 30-November 1, 2000, was jointly tried with his co-defendant by a jury and found guilty as charged.[3] (App. at 445, Docket Entry 23-5 at 30). The circuit court sentenced Singleton to life imprisonment for murder, twenty-five years' imprisonment for armed robbery, and five years' imprisonment for criminal conspiracy, all sentences to be served concurrently.[4] (App. at 452, Docket Entry 23-5 at 37.)

Singleton timely filed a direct appeal. On appeal, Singleton was represented by Joseph L. Savitz, III, Esquire, Deputy Chief Attorney for the South Carolina Office of Appellate Defense.

---

[2]In light of the District Judge's instructions to consider the merits of the Petitioner's § 2254 claims, which implicitly equitably tolled Singleton's deadline, the court sees no further relief that could be provided within the context of a habeas corpus action regarding the alleged seizure of Singleton's legal materials. See, e.g., Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*) (stating that to be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time"); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (concluding that § 2244(d) is subject to the principles of equitable tolling).

[3]Shawn Wright was Singleton's co-defendant and was indicted and tried on similar charges stemming from the same November 19, 1999 incident. Wright was convicted of the same charges as Singleton and received the same sentences.

[4]The court did not impose a sentence for the charge of possession of a firearm during commission of a violent crime. See S.C. Code Ann. § 16-23-490(A) (stating the sentence for a firearm possession charge does not apply in cases where a life sentence is imposed for the violent crime).

Singleton filed a *pro se* brief on October 25, 2001. (Docket Entry 25-2.) In his brief, Singleton raised thirteen issues:

1. Whether the trial court erred and abused its discretion when it failed to excuse for cause certain members of the voir dire jury selection?

2. Whether the trial court erred and abused its discretion when it failed to sustain defense objections to State Witness (Jason Cherry) giving testimony irrelevant to the issues in the case?

3. Whether the trial court erred and abused its discretion when it failed to sustain defense objections to State Witness (Celia Sargent), giving testimony irrelevant to any issue in the case?

4. Whether the trial court erred and abused its discretion when it found State Witness (Michelle Dixson) to be a qualified expert witness?

5. Whether the trial court erred and abused its discretion when it overruled defense objections to hearsay evidence/testimony?

6. Whether the trial court erred and abused its discretion when it failed [to] sustain defense objections to solicitor asking leading questions?

7. Whether the trial court erred and abused its discretion when it admitted into evidence the conversation the State Witness Arthur Niles had with Defendant Derrick Singleton statement as to what co-defendant said?

8. Whether the trial court erred and abused its discretion when it permitted hearsay evidence by State Witness (Corey Schaff) to be admitted as evidence over the objection of the defense?

9. Whether the trial court erred and abused its discretion when if failed to sustain defense objections to solicitor's questions which called for hearsay evidence/testimony?

10. Whether the trial court erred and abused its discretion in denying defense Motion for Directed Verdict, where there was insufficient evidence to send the case to the jury?

11. Whether the Solicitor's closing arguments constituted prosecutorial misconduct when she gave an unconstitutional definition of Reasonable Doubt to the jury?

12. Whether the trial court erred and abused its discretion when it gave a charge of "Aiding and Abetting" to the jury?



13. Whether the trial court erred and abused its discretion when it gave the jury an[] unconstitutional definition of Reasonable Doubt?

(Docket Entry 25-2 at 4-5.) On January 7, 2002, Savitz filed an Anders[5] brief and a petition to be relieved as counsel in which he presented the following issue:

> The judge erred by allowing the state to introduce evidence appellant had previously been in jail, since this made his character an issue at trial in violation of Evidence Rule 404.

(Docket Entry 23-10 at 4.) In a *per curiam* opinion, the South Carolina Court of Appeals dismissed Singleton's appeal. (State v. Singleton, 2002-UP-469 (S.C. Ct. App. June 25, 2002), Docket Entry 23-11.) Singleton filed a petition for rehearing (App. at 650-78, Docket Entry 23-8 at 10-39), which was subsequently denied by order dated August 28, 2002. The remittitur was issued on October 3, 2002. (Docket Entry 23-12.) Singleton did not appeal to the South Carolina Supreme Court.

On April 7, 2003, Singleton filed an application for post-conviction relief ("PCR") in which he raised the following grounds:

1. Ineffective assistance of trial counsel;

2. Trial court abuse of discretion;

3. Prosecutorial misconduct.

(See Singleton v. State of South Carolina, 03-CP-22-0292, App. at 454-59, Docket Entry 23-5 at 39-44.) He amended his application on July 28, 2004, but did not raise any additional grounds. (App. at 460-465, Docket Entry 23-5 at 45-50.) The State filed a return on April 21, 2004. (App. at 466-70, Docket Entry 23-5 at 51-55.)

---

[5] Anders v. California, 386 U.S. 738 (1967). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.

On September 20-22, 2004, the PCR court held an evidentiary hearing at which Singleton was represented by David J. Gundling, Esquire. (App. at 471-646, Docket Entry 23-5 at 56 through Docket Entry 23-8 at 6.) The PCR judge denied Singleton's PCR application by order filed January 28, 2005. (App. at 679-88, Docket Entry 23-8 at 40-49.) Via a motion to alter or amend, Singleton requested more definite findings of fact with regard to Singleton's PCR grounds. (App. at 689-692, Docket Entry 23-8 at 50-53.) The PCR court entered an amended order on May 25, 2005. (App. at 693-706, Docket Entry 23-8 at 54 through Docket Entry 23-9 at 12.)

Singleton appealed[6] (App. at 723, Docket Entry 23-9 at 29) and was represented by Robert M. Pachak, Esquire, Assistant Appellate Defender of the South Carolina Office of Appellate Defense. On February 22, 2006, counsel filed a Petition for Writ of Certiorari in which he presented the following question:

> Whether defense counsel was ineffective in failing to object when a state's witness placed petitioner's character into issue which also allowed the solicitor to seize on this in closing argument?

(Docket Entry 23-13 at 5.) The State filed a response. (Docket Entry 23-14.) The South Carolina Supreme Court transferred the PCR appeal to the South Carolina Court of Appeals. (Docket Entry 23-15.) The Court of Appeals denied the petition for a writ of certiorari (Docket Entry 23-16) and issued the remittitur on September 18, 2007 (Docket Entry 23-17).

---

[6]It appears from the record that Singleton's appeal may have been dismissed for failure to serve a copy of the notice of appeal on the South Carolina Supreme Court. On October 11, 2005, Singleton's PCR counsel filed a motion with the Supreme Court to reinstate Singleton's appeal of the PCR court's amended order of dismissal. (See App. at 707-22, Docket Entry 23-9 at 13-28.) While no order on this motion is included in the record, it further appears, based on the later filings, that the Supreme Court granted this motion.

# FEDERAL HABEAS ISSUES

Singleton filed his Petition for a writ of habeas corpus in this court on April 25, 2008. (Docket Entry 1.) In his Petition, Singleton raises the following grounds:

**Ground One:** Prosoctorial [sic] Misconduct. Prosoctorial [sic] did not prove every element of all crimes violates defendant's due process right.
    **Supporting Facts:** Prosoctorial [sic] did and willy [sic] denied equal protection of law[] by going outside of the record.
    By    1) Making deals with State witness.
           2) Making false state (sic) in her closing argument. (By will) stat[]ing I took [$]138 when nothing in the element[s] of the record proved that.
           3) Prosecutorial misconduct in the court under the following list:
                1) Prosecutorial did, and willingly go outside the record;
                2) Prosecutorial was in PLAIN ERROR when they fail[ed] to prove every element of all charges in crimes;
                3) Prosecutorial obstruct the Due Cause in court when they disclose deal that the state made with witness;
                4) Prosecutorial closing arguments constitute misconduct when she gave an unconstitutional definition of reasonable doubt;
                5) Prosecution entered guns into evidence.
           4) Prosoctorial [sic] testimony and the entering of any gun into evidence when it had not[]hing to do with my case.

**Ground Two:** The Court failed to excuse voir dire jury.
    **Supporting Facts:** Juror 98 Joan Powell should have been excused because she ha[d] read a[] newspaper article that contained my criminal records. Had not I taken the stand that would already put the State in violation d[ue] to the fact that jury would have heard evidence that would be inadmissible if I do not testify. I DID NOT TESTIFY.

**Ground Three:** Defense counsel was ineffective in failing to object when two State's witness[es] placed petitioner's character into issue. Allowed solicitor seize on it in closing.
    **Supporting Facts:** One State witness who made deal with the State for a bo[]nd testify to one's character when his testimony was only his opinion. Also, he failed to object as to the following guns being entered in evidence, thus p[rosecutorial] misconduct. The solicitor also let the jury take the gun with them and she also state [sic] by placing me at the scene lie and said I waited outside in the parking lot when the State witness said he left by himself and no one was in the parking lot.

**Ground Four:** Failure to present alibi know[n] at the time of trial.
**Supporting Facts:** My counsel's advice must be made justified within the regulations and practice of law. His strategy in not to call witness when he already knew that the State had not prove its case would have been unreasonable and is opinion as to what the witness would say it up to the witness and who's call them. By the law he conspire in deteing [sic] state witness from testif[y]ing freely in court that also deprive me equal protect[ion] of the law to exerci[se] my right to put up a[] defens[e] violate my due process.

(Pet., Docket Entry 1.)

## DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth

specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.  Habeas Corpus Standard of Review**

**1.  Generally**

In accordance with § 2254, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

*PJG*

## 2. Exhaustion Requirement

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues which have been properly presented to the highest state courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth v. Ozmint, 377 F.3d 437 (4th Cir. 2004); see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

## C. Respondents' Motion for Summary Judgment

### 1. Federal Habeas Review Precluded

As an initial matter, the respondents argue that many of Singleton's grounds for federal habeas relief are procedurally barred from consideration or are not cognizable on federal habeas review. Upon review of the record, the court agrees.

The court finds that the following grounds alleging prosecutorial misconduct were either not raised at trial or not ruled on by the PCR court: Ground 1(1) (alleging that he was denied equal protection of the law when the prosecutor made deals with state witnesses); Ground 1(2) (alleging that he was denied equal protection of the law when the prosecutor falsely stated in her closing argument that Singleton took $138); Ground 1(3)(1) (alleging that he was denied equal protection

of the law when the prosecutor went outside the record); Ground 1(3)(3) (alleging that he was denied equal protection of the law when the prosecutor disclosed the deal that was made with the state witnesses); and Ground1(3)(4) (alleging that he was denied equal protection of the law when the prosecutor gave an unconstitutional definition of reasonable doubt in her closing argument). Therefore, to the extent that these grounds involved direct appeal issues, they would not have been preserved for direct appeal and would not have been reviewed by the state court as part of its Anders review. See Anders, 386 U.S. 738 (requiring the reviewing court to conduct an independent and complete examination of the proceedings to determine if there are issues of arguable merit); Mizell v. Glover, 570 S.E.2d 176, 180 (S.C. 2002) ("In order to preserve an issue for appellate review, the issue must have been raised to and ruled upon by the trial court."). Since these issues were not preserved for appeal, Singleton could not have properly presented these issues through his direct appeal brief. Moreover, while Singleton alleged "prosecutorial misconduct" in his PCR application, this issue was not ruled on by the PCR court and, although Singleton filed a motion to alter or amend the judgment, he did not request a ruling on this issue. Therefore, this issue was not preserved for state appellate review. See Marlar v. State, 653 S.E.2d 266, 267 (S.C. 2007) (holding that issues must be raised to and ruled on by the PCR judge to be preserved for appellate review); Rule 59(e), SCRCP (providing avenue for any party to move to alter or amend a judgment). Accordingly, Singleton has not properly exhausted Grounds 1(1), (2), (3)(1), (3)(3), and (3)(4), and these claims would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. See Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); see also Pope v. Netherland, 113 F.3d 1364 (4th Cir. 1997) (holding that claims of prosecutorial misconduct were procedurally barred where a petitioner failed to raise them at the state trial or state habeas proceeding).

The court finds that a portion of Ground 3 and all of Ground 4 were similarly not raised to the state appellate courts in Singleton's PCR appeal. In Ground 3, Singleton alleges that trial counsel was ineffective in failing to object when *two* witnesses placed his character at issue, and in Ground 4, he claims that trial counsel failed to present a known alibi. However, Singleton's appeal from the PCR court's order raised only one issue, which alleged that trial counsel was ineffective for failing to object to state witness Malcolm Clark's testimony. He did not raise any claims pertaining to any other witnesses or pertaining to the alleged failure to present an alibi witness. Accordingly, these claims were not fairly presented to the South Carolina appellate courts and are procedurally barred from federal habeas review. Picard v. Connor, 404 U.S. 270, 275-76 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding").

Thus, these claims are unexhausted and procedurally barred unless Singleton can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." See Coleman, 501 U.S. at 750. In support of his claim that the procedurally defaulted claims should be considered, Singleton asserts that a fundamental miscarriage of justice will occur because he is actually innocent. However, to establish "actual innocence," a petitioner must produce new evidence that was not available at trial to establish his factual innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir. 1999). Singleton's assertion that he "has always had clear he was 'actually innocent' of all crimes convicted" and that his claims reflect his innocence, without more, does not satisfy this standard. Id. Accordingly, Singleton has failed to demonstrate that a fundamental miscarriage of justice will occur by failing to consider these claims. Therefore, Ground 1(1), (2),

(3)(1), (3)(3), and (3)(4); the portion of Ground 3 referring to a second witness; and Ground 4 are procedurally barred from federal habeas review.[7]

Further, the court finds that Grounds 1(3)(5) and 1(4) present questions of state law, which are not reviewable by a federal habeas court. The underlying issue in these grounds is the admissibility of certain evidence, a question raising issues of state evidence law. Claims relating to the admissibility of evidence under state law are not reviewable by a federal habeas court absent extraordinary circumstances. See Spencer v. Murray, 18 F.3d 237 (4th Cir. 1994) ("[T]he admissibility of evidence under state law is not a question we consider on the merits on habeas review."); Bunch v. Thompson, 949 F.2d 1354 (4th Cir. 1991) (stating that absent extraordinary circumstances, questions of admissibility of evidence are matter of state law). Accordingly, this issue is not cognizable in a federal habeas court absent a showing of extraordinary circumstances, which Singleton has not demonstrated. As stated above, in Singleton's response he asserts that he is actually innocent. However, this assertion, without more, is insufficient to demonstrate extraordinary circumstances.

**2.   Merits**

Based on the above discussion, the only grounds properly reviewable on the merits are Ground 1(3)(2), Ground 2, and a portion of Ground 3.

In Ground 1(3)(2), Singleton claims prosecutorial misconduct based on his allegation that the prosecutor failed to prove every element of his charges. As an initial matter, this ground does not raise an issue of prosecutorial misconduct. Moreover, Singleton did not properly raise this allegation in the context of a prosecutorial misconduct claim to the South Carolina appellate courts.

---

[7]Even considering the merits of these grounds, for the reasons stated in the respondents' return and memorandum of law in support of summary judgment, Singleton would not be entitled to federal habeas relief on any of these grounds. (Docket Entry 23 at 32-37, 40-46.)

Therefore, this claim, like Singleton's other claims in Ground 1, would be procedurally barred from federal habeas review. See Picard, 404 U.S. at 275-76; Anders, 386 U.S. 738; Mizell, 570 S.E.2d at 180.

To the extent that Singleton is alleging that the trial court erred in failing to grant Singleton's motion for a directed verdict, this issue was presented in Singleton's *pro se* direct appeal brief and would have been reviewed by the South Carolina Supreme Court during Anders review. Following Anders review, the South Carolina Supreme Court stated that it thoroughly reviewed the record and dismissed Singleton's appeal. Singleton has failed to established that the trial court's denial of the directed verdict and the South Carolina Supreme Court's dismissal unreasonably misapplied any clearly established federal law or made an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1) (2); Williams v. Taylor, 529 U.S. at 410; see also 28 U.S.C. § 2254(e)(1) (stating that state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence). Accordingly, he has not shown that habeas relief is warranted on this basis.

In Ground 2, Singleton alleges that the trial court erred in failing to excuse Juror 98, who he asserts read an article that contained Singleton's criminal record. A review of the record in this matter shows that the trial court denied trial counsel's request to strike Juror 98 for cause after finding the juror qualified. Therefore, trial counsel used his last peremptory strike on Juror 98.[8] (App. at 11-14, Docket Entry 23-2 at 13-16.) Accordingly, Juror 98 was not seated on the jury. (Id.) At trial, trial counsel argued that he would have used that strike to challenge another juror who was seated on the jury on the basis that she was an accountant. (Id.)

---

[8]The court notes that this information is found in the trial transcript during trial counsel's argument to preserve the issue after the jury was already selected. The trial court's actual questioning of the juror to determine whether or not to strike for cause is not contained in the record.

Singleton has failed to present any evidence or even argument that the state courts unreasonably misapplied any clearly established federal law or made an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1), (2); Williams v. Taylor, 529 U.S. at 410; see also 28 U.S.C. § 2254(e)(1) (stating that state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence).[9] Accordingly, he has not shown that habeas relief is warranted on this basis.

In the portion of Ground 3 that is not procedurally barred, Singleton appears to allege that trial counsel was ineffective in failing to object when state witness Malcolm Clarke placed Singleton's character into issue and in failing to object to the solicitor's use of Clarke's comments in her closing argument. A defendant has a constitutional right to the effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, Singleton must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, Singleton "must show that there is a reasonable probability that, but for counsel's

---

[9]Moreover, Singleton failed to address this claim in any manner in response to the respondents' motion for summary judgment.

unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Prejudice may be presumed when (1) a defendant is completely denied counsel at a critical stage of his trial, (2) counsel "entirely fails to subject the prosecution's case to a meaningful adversarial testing," or (3) "although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." United States v. Cronic, 466 U.S. 648, 659 (1984).

The statements at issue appear to be Clarke's testimony that Singleton's co-defendant Wright introduced Singleton to Clarke and that Wright stated that "this is my homeboy; we was locked up together." (App. at 270, Docket Entry 23-3 at 131.) Clarke's statements were in response to the solicitor's question, which asked "Did you—were you introduced to Derrick Singleton?" (Id.) At the PCR hearing trial counsel testified that he did not object to these statements because he did not find Clarke to be a credible witness and did not want to give Clarke a chance to "clean up his testimony." (App. at 517, Docket Entry 23-6 at 20.) Trial counsel further stated that he likely did not object to the solicitor's reference to them in her closing argument (see App. at 391, Docket Entry 23-4 at 116) because he did not want to draw attention to those comments. The PCR court found that Singleton failed to demonstrate a deficiency by trial counsel or that there was any resulting prejudice. (App. at 685, Docket Entry 23-8 at 46.) The PCR court further found that Singleton failed to "establish that the challenged testimony resulted from improper questioning such that trial counsel would have had reason to object in time to prevent the witness from making the comments." (Id.) Moreover, the PCR court found trial counsel's strategy to be "well reasoned" and that the witness's testimony was limited and not substantial enough to have seriously impacted the outcome of the proceedings. (Id.) Finally, the PCR court found that Singleton "failed to establish either that

the solicitor's comments during closing arguments were improper such that the trial court would have sustained an objection or that the outcome of the trial would have been different but for counsel's failure to object to the comments." (Id.)

"In considering this claim again on a petition under 28 U.S.C. § 2254, a federal court owes considerable deference to the judgment entered in the state court proceeding." Yarbrough v. Johnson, 520 F.3d 329, 335 (4th Cir. 2008) (citing 28 U.S.C. § 2254(d), (e)). Moreover, Singleton has the burden of rebutting by clear and convincing evidence the presumption that state court factual determinations are correct. 28 U.S.C. § 2254(e). In response to the respondents' motion for summary judgment, Singleton contends that "mak[]ing improper comments about the Petitioner['s] prior bad acts and character was designed to place[] the Petitioner in the light of guilt." (Docket Entry 39 at 6.) However, Singleton has failed to establish that counsel's performance was deficient or that there is a reasonable probability that the result of the proceeding would have been different if trial counsel had objected to the statements. Strickland, 466 U.S. at 694; United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004) ("Under the first prong of Strickland, we apply a 'strong presumption' that a trial counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.' "). Moreover, Singleton has not shown that the state court's analysis of this issue misapplied clearly established federal law or, even if there was an error, that it was unreasonable. See Williams v. Taylor, 529 U.S. at 410. Accordingly, Singleton is not entitled to habeas corpus relief on this ground.

**RECOMMENDATION**

Based upon the foregoing, the court finds that Ground 1(1), (2), (3)(1), (3)(3), and (3)(4); the portion of Ground 3 referring to a second witness; and Ground 4 are procedurally barred from federal habeas review. Moreover, Grounds 1(3)(5) and 1(4) are not proper grounds for federal habeas

review. Further, Singleton's claims in Ground 1(3)(2), Ground 2, and the remainder of Ground 3 do not warrant federal habeas relief. Accordingly, the court recommends that the respondents' motion for summary judgment (Docket Entry 22) be granted. In light of this recommendation, the court further finds that Singleton's motion for a hearing (Docket Entry 51) should be denied, since no genuine issue of material fact exists as to Singleton's claims.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 19, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).