

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| DERICK L. SINGLETON, | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 0:08-1900-HFF-PJG |
| | § | |
| STATE OF SOUTH CAROLINA and | § | |
| WARDEN OF PERRY CORRECTIONAL | § | |
| INSTITUTION, | § | |
| Respondents. | § | |

# ORDER

This case was filed as a 28 U.S.C. § 2254. action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Respondent's motion for summary judgment (Docket Entry 22) be granted and Petitioner's motion for a hearing (Docket Entry 51) be denied. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 19, 2009, but Petitioner failed to file any objections to the Report. In the absence of such objections, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

As observed by the Magistrate Judge, in Petitioner's objections to the July 13, 2009, Report, he argued that "he could not timely file his [p]etition because . . . [R]espondents seized his legal materials, which effectively prevented him from filing his federal habeas petition." (Report 1.) If such contention were accepted, Petitioner would likely be entitled to equitable tolling. Thus, "[w]ithout deciding on the validity of Petitioner's assertion," (July 27, 2009, Order 2), the Court remanded the matter to the Magistrate Judge for consideration of the merits of the petition. It appears, however, that the Magistrate Judge misapprehended the effect of the remand.

In the August 19, 2009, Report, the Magistrate Judge stated that the Court's "instructions to consider the merits of . . . Petitioner's § 2254 claims . . . implicitly equitably tolled [Petitioner's] deadline" for filing his petition (Report 2 n.2.) To the contrary, in its July 27, 2009, Order, and as already observed, the Court specifically noted that it was not "deciding on the validity of Petitioner's assertions" but that, in "an abundance of caution and in the interest of justice" the Court was remanding the action so that the Magistrate Judge could "make a recommendation concerning the merits of Petitioner's claims." (July 27, 2009, Order 2.)

Hence, with the benefit of both Reports, the question now before the Court is this: Assuming, without deciding, that Respondents seized Petitioner's legal materials such that he was prevented from timely filing his federal habeas petition, does his petition have merit? The Court agrees with

the Magistrate Judge on this issue and, thus, answers the query in the negative. Consequently, it will enter judgment accordingly.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report to the extent that it does not contradict this Order, and incorporates it herein. Therefore, it is the judgment of the Court that Respondent's motion for summary judgment (Docket Entry 22) be **GRANTED** and Petitioner's motion for a hearing (Docket Entry 51) be **DENIED**.

**IT IS SO ORDERED**.

Signed this 10th day of September, 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd<br>
HENRY F. FLOYD<br>
UNITED STATES DISTRICT JUDGE

*****
### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.