

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| DERICK L. SINGLETON,<br>    Petitioner,<br><br>vs.<br><br>STATE OF SOUTH CAROLINA and<br>WARDEN OF PERRY CORRECTIONAL<br>INSTITUTION,<br>    Respondents. | §<br>§<br>§<br>§ CIVIL ACTION NO. 0:08-1900-HFF-PJG<br>§<br>§<br>§<br>§<br>§ |

## AMENDED ORDER

This case was filed as a 28 U.S.C. § 2254. action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Respondents' motion for summary judgment (Docket Entry 22) be granted and Petitioner's motion for a hearing (Docket Entry 51) be denied. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 19, 2009, and the Clerk of Court entered Petitioner's objections on September 11, 2009. The Court has carefully reviewed Petitioner's thirty-page submission, but finds it to be without merit. Therefore, the Court will enter judgment accordingly.

As observed by the Magistrate Judge, in Petitioner's objections to the July 13, 2009, Report, he argued that "he could not timely file his [p]etition because . . . [R]espondents seized his legal materials, which effectively prevented him from filing his federal habeas petition." (Report 1.) If such contention were accepted, Petitioner would likely be entitled to equitable tolling. Thus, "[w]ithout deciding on the validity of Petitioner's assertion," (July 27, 2009, Order 2), the Court remanded the matter to the Magistrate Judge for consideration of the merits of the petition. It appears, however, that the Magistrate Judge misapprehended the effect of the remand.

In the August 19, 2009, Report, the Magistrate Judge stated that the Court's "instructions to consider the merits of . . . Petitioner's § 2254 claims . . . implicitly equitably tolled [Petitioner's] deadline" for filing his petition (Report 2 n.2.) To the contrary, in its July 27, 2009, Order, and as already observed, the Court specifically noted that it was not "deciding on the validity of Petitioner's assertions" but that, in "an abundance of caution and in the interest of justice" the Court was remanding the action so that the Magistrate Judge could "make a recommendation concerning the merits of Petitioner's claims." (July 27, 2009, Order 2.)

Hence, with the benefit of both Reports, the question now before the Court is this: Assuming, without deciding, that Respondents seized Petitioner's legal materials such that he was prevented from timely filing his federal habeas petition, does his petition have merit? The Court agrees with the Magistrate Judge on this issue and, thus, answers the query in the negative. Consequently, the

Court holds that Petitioner is not entitled to any of the relief sought in his petition, even if the Court were to determine that equitable tolling applies. Thus, the Court will grant Respondents' motion for summary judgment.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, adopts the Report to the extent that it does not contradict this Order, and incorporates it herein. Therefore, it is the judgment of the Court that Respondents' motion for summary judgment (Docket Entry 22) be **GRANTED** and Petitioner's motion for a hearing (Docket Entry 51) be **DENIED**.

In Petitioner's objections, he also moves the Court for the appointment of counsel. Because he has failed to set forth any exceptional circumstances that would make the granting of the request proper, the motion is **DENIED**.

**IT IS SO ORDERED**.

Signed this 14th day of September, 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.